# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT PHILLIP BAKER,<br>    Plaintiff,<br><br>v.<br><br>MELISSA BAKER.,<br>    Defendant. | ) ) ) ) ) ) ) ) ) ) | **CIVIL ACTION NO. 11-12056-DJC** |
| ROBERT PHILLIP BAKER,<br>    Plaintiff,<br><br>v.<br><br>MARY DELORES STANLEY,<br>    Defendant. | ) ) ) ) ) ) ) ) ) ) | **CIVIL ACTION NO. 11-12059-DJC** |
| ROBERT PHILLIP BAKER,<br>    Plaintiff,<br><br>v.<br><br>VAL C. RIBEIRO, ESQ.,<br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) | **CIVIL ACTION NO. 11-12061-DJC** |

## MEMORANDUM AND ORDER

**CASPER, D.J.**                                                                                                **December 15, 2011**

**I.     Introduction**

On November 10, 2011, plaintiff Robert Phillip Baker ("Baker"), a resident of Haverhill, Massachusetts, filed three self-prepared civil rights complaints.[1] All of his complaints relate, in one

---

[1]Recently, Baker has filed a flurry of cases in this Court. Two weeks prior to filing the instant cases, Baker filed four other civil actions. See Baker v. Officer Macafferly, Civil Action No.

way or another, to his underlying divorce proceedings and rulings made during those proceedings. None of the three complaints is entirely intelligible. From what can be gleaned, the background is as follows.

### A. Baker v. Baker, Civil Action No. 11-12056-DJC

In this complaint, Baker begins by asserting a number of disparaging comments about his ex-wife, Melissa Stanley-Baker ("Melissa"), including comments concerning her alleged adulterous behavior, her improper parenting, her mental health problems and her drug and alcohol addiction. In brief, the salient allegations are that Melissa kidnaped their children during the divorce proceedings held before Judge Anthony Nesi, that she stole and sold his personal property and that she made false reports to the police and to the IRS. Further, Baker claims that the divorce proceedings should be nullified because Melissa manipulated the state court by not presenting a psychiatric evaluation that declared her mentally incapacitated. He also alleges that Melissa defamed him and made false police reports to manipulate the Probate and Family Court into awarding her custody of their children.

Additionally, Baker alleges that Melissa fabricated affidavits to obtain a restraining order against him and these actions caused him to lose touch with his children. He also claims that he has lost the means to travel to Florida (where his children are now located) because Melissa stole two cars that were in their names. Next, Baker asserts that Melissa lied to the IRS concerning a deduction for Hurricane Katrina (alleging that they were not affected by this storm). He also claims

---

11-11900-RWZ; Baker v. Honorable Antony Nesi, Civil Action No. 11-11899-DJC; Baker v. Halkiotis, Civil Action No. 11-11897-RGS; and Baker v. Matzeis, Civil Action No. 11-11896-RGS. On November 28, 2011, Baker filed another two civil actions. See Baker v. McMahon, Civil Action No. 11-12104-JLT and Baker v. Ross, Civil Action No. 12102-JLT.

2

that she has not filed income tax returns despite realizing income from their divorce and from the sale of personal property. Underlying this allegation is a claim that Melissa received a taxable settlement of several million dollars. Baker seeks an opportunity to prove Melissa's deceitful actions.

Finally, Baker seeks a dismissal of the restraining order issued against him as well as an evidentiary hearing with respect to all affidavits filed by Melissa in connection with the divorce proceedings. He believes that at this hearing he would be able to show that the affidavits were falsified and the custody ruling made by the Probate and Family Court judge as a result was made in error. He hopes to have a new complaint for divorce filed and adjudicated, that he will regain custody of his children and that Melissa be placed into mental health facility. His stated causes of action include kidnaping, loss of consortium, theft of property, failure to file federal income taxes, filing fraudulent income taxes, fraudulently taking and using student loans, defamation, filing false police reports, causing his false arrest and imprisonment, unpaid child support, fraud on the Department of Transitional Assistance, fraud on the Social Security Administration, perjury, fabricated affidavits in support of 209A Restraining Orders, intentional infliction of emotional distress, criminal adultery, wrongfully changing of his Medicaid address causing his health insurance to be canceled and wrongfully causing his file with the Department of Transitional Assistance to be closed.

Accompanying the complaint, Baker filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2).

B. <u>Baker v. Stanley, Civil Action No. 11-12059-DJC</u>

In the second of the three complaints, Baker also makes disparaging comments and asserts

3

that Mary Delores Stanley ("Stanley"), Melissa's stepmother, was a co-conspirator along with his ex-wife in obstructing justice, kidnaping his children and committing fraud. The complaint is virtually unintelligible, but appears to relate to Baker's attempts to file a $10 million lawsuit in the Taunton Superior Court, against Stanley, her husband (Melissa's father), and Melissa, as well as the Board of Directors at the New Center for Legal Advocacy, Attorney Val C. Ribeiro (see discussion, infra, para. C), and other lawyers. See Taunton Superior Court Docket No. BRCV2009:01270.

Specifically, Baker asserts that Stanley co-conspired with her husband (David Harold Stanley) and Melissa to kidnap their children and take them to Florida (where David Harold Stanley lived).[2] Baker claims Stanley was responsible for his unsuccessful filing of suit in the state court, but it is unclear how that was accomplished, except that he alleges that she refused to accept service and/or to answer his Motion for Summary Judgment. Baker argues that her behavior proves that Melissa could not have succeeded in obtaining custody of the children in the divorce proceedings, and asserts that Stanley also participated in the theft and sale of his property.

As an additional matter, Baker's complaint appears to intermingle claims asserted in Baker's other civil actions, including claims against Police Officer Macafferly for seizing his documents and other property, see Baker v. Officer Macafferly, Civil Action No. 11-11900-RWZ and the Taunton Superior Court Security Officer, Charles Matzeis, see Baker v. Matzeis, Civil Action No. 11-11896-

---

[2]In his earlier lawsuit against state court Justice Anthony Nesi, Baker challenged the fact that in February, 2009, an "emergency" hearing was held 24 hours after the filing of the divorce complaint. At that emergency hearing, Melissa requested permission to relocate with their three minor children to an address in Florida (*i.e.*, her father's residence), 1400 miles away from the marital residence. He contends that there was no need for this emergency hearing because Melissa had already moved to Florida weeks before the motion was filed. Baker took issue with Justice Nesi's grant of Melissa's motion to relocate with their children.

4

RGS.³ Baker also alleges that Justice Nesi failed to take corrective action. See Baker v. Honorable Antony Nesi, Civil Action No. 11-11899-DJC.⁴

Baker's asserted causes of action include loss of consortium, conspiracy to obstruct justice, conspiracy to kidnap, theft and sale of his property, conspiracy to file fraudulent police reports, conspiracy to have him falsely arrested and imprisoned and conspiracy to commit fraud.

Accompanying this complaint, Baker filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2).

### C. Baker v. Ribeiro, Civil Action No. 11-12061-DJC

In the third complaint, Baker asserts that defendant Val C. Ribeiro ("Ribeiro"), Melissa's attorney in the divorce case in the Fall River Probate and Family Court, entered into a conspiracy with Justice Nesi to obstruct justice. He claims Ribeiro acted improperly in connection with the divorce, thereby denying him of due process. Again, Baker asserts many claims against Justice Nesi. He believes the divorce proceedings were done in a hurried and inappropriate manner that resulted in Melissa obtaining custody of the three minor children and in her receiving the marital property. Baker claims he never had access to a lawyer and that his motions for a continuance were denied without reason.

He further contends that Ribeiro withheld damaging information from the Probate and

---

³Here, Baker alleges that he was barred from entering the Taunton Superior Courthouse by a security officer, Charles Matzeis, and makes a bald assertion that Matzeis is also guilty of abducting him and of "cyber crime" by hacking into Baker's files in the law library.

⁴On December 2, 2011, this Court issued a Memorandum and Order dismissing the action against Justice Nesi *sua sponte*. Baker was enjoined from filing, *pro se*, further civil actions against any state court judge based on matters occurring in the course of his divorce proceedings unless he first complied with various requirements. See Memorandum and Order (Docket No. 3).

Family Court in Lawrence concerning Melissa's mental health (*i.e.*, the psychiatric evaluation). He also claims that the short-notice of the divorce proceedings (resulting in an order permitting Melissa to relocate the children to Florida) was not given to him far enough in advance, that Ribeiro aided Melissa in kidnaping the children and in stealing 10 million dollars from him.

Baker asserts his constitutional due process rights were violated by Ribeiro when he committed fraud upon the family court by withholding information and by acting malevolently in advocating for Melissa during the divorce proceedings. He reiterates his earlier claims against Melissa and Justice Nesi as well as claims against Melissa's father and stepmother. Baker again seeks nullification of the divorce proceedings and custody of the children.

Along with the complaint, Baker filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2).

**II.     Discussion**

   A.     The Motions for Leave to Proceed *In Forma Pauperis*

Upon review of Baker's financial disclosures, this Court finds that he lacks sufficient funds to pay the filing fee for any of these three civil actions. Accordingly, his Motions for Leave to Proceed *in forma pauperis* (Docket No. 2), filed in each case, are ALLOWED.

   B.     The Complaints are Subject to Screening

Because Baker is proceeding *in forma pauperis*, his complaints are subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); Denton v. Hernandez, 504 U.S. 25, 32-33

(1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

For purposes of preliminary screening, this Court liberally construes Baker's pleadings because he is proceeding *pro se.* See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000). Nevertheless, even under a liberal construction, each of Baker's suits must be dismissed for the reasons discussed below.

  C.  Failure to Comply With Rule 8 of the Federal Rules of Civil Procedure

As noted above, the three complaints are not organized or coherent. Indeed, the complaints simply consist of ramblings with bald assertions (without factual underpinnings) and pure legal conclusions; it is virtually impossible to cull out any plausible federal claim upon which relief may be granted against any of the defendants. This Court cannot discern any cognizable claims, even under a liberal construction of the complaints. It would be immensely unfair to permit these three actions to proceed as pled and to require each of the defendants to speculate as to the nature of the claims asserted against them, and the factual basis for the assertion.

Baker has been advised previously about the pleading requirements of this Court pursuant to Rule 8 of the Federal Rules of Civil Procedure.[5] See, e.g., Baker v. Kauffman, Civil Action No. 11-11573-JLT (Memorandum and Order, (Docket No. 8 at 6-8)) (entered Sept. 15, 2011); Baker v. Stanley-Baker, et al., Civil Action No. 09-11823-JLT (Memorandum and Order (Docket No. 5 at 4-9)) (entered Nov. 5, 2009). The Court need not reiterate the pleading deficiencies here in detail.

---

[5]Rule 8(a) requires a plaintiff to include in a complaint, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

Suffice it to say that the complaints are woefully inadequate and subject these actions to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (failure to state a claim upon which relief may be granted). This Court need not provide Baker a further opportunity to cure the pleading deficiencies, however, since this action will be dismissed for the reasons set forth below.

    D.    <u>The Complaints are Frivolous, Abusive, Malicious, and/or Vexatious</u>

Baker's three complaints are reassertions of claims made in his prior, unsuccessful lawsuits in this Court. <u>See</u> <u>Baker v. Stanley-Baker</u>, Civil Action No. 09-11888-JLT; <u>Baker v. Stanley-Baker</u>, Civil Action No. 09-11886-JLT; <u>Baker v. Stanley-Baker</u>, Civil Action No. 09-11870-JLT; <u>Baker v. Nesi</u>, Civil Action No. 09-11869-JLT; <u>Baker v. Savignano</u>, Civil Action No. 09-11863-JLT; <u>Baker v. Ribeiro, et al.</u>, Civil Action No. 09-11862-JLT; <u>Baker v. Ribeiro et al.</u>, Civil Action No. 09-11859-JLT; <u>Baker v. Stanley, et al.</u>, Civil Action No. 09-11823-JLT. As in the cases currently before this Court, each of those earlier cases challenged, in one form or another, matters arising out of or related to divorce proceedings (including child custody and property division) and/or Chapter 209A (restraining order) proceedings. Judge Tauro, in his Memorandum and Order entered November 23, 2009 in all of the above cases, outlined the various legal impediments to Baker's claim, including, *inter alia*, the Rule 8 pleading deficiencies, the lack of state action, the lack of *respondeat superior* liability (of the New Center for Legal Advocacy, Inc.), the lack of standing to assert a private cause of action for alleged violations of criminal law, and the domestic relations exception to jurisdiction. <u>See</u> Memorandum and Order in <u>Baker v. Stanley, et al</u>, Civil Action No. 09-11823-JLT (Docket No. 6) (Lead Case).

Here, Baker's renewed and unsupported claims of conspiracy as a means to challenge his divorce decree, the orders impacting the custody of his children, his visitation rights or child support

8

obligations, and/or the distribution of marital property and his claims of due process violations in connection with state court proceedings, are again, to no avail. Indeed, at this juncture, there is no other conclusion to be reached except that Baker's three suits constitute frivolous, malicious, and vexatious complaints.[6] Further, Baker's claims with respect to fraud by his ex-wife, his ex-step-mother-in-law, and his ex-wife's attorney (all private citizens) do not raise any plausible federal claims, as there is no state action involved. Therefore, to the extent that Baker has asserted any state tort claims against these three defendants, this Court, in its discretion, declines to exercise supplemental jurisdiction over those claims. See Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995); see also Martinez v. Colon, 54 F.3d 980, 990 (1st Cir. 1995) (affirming dismissal of pendent claims without prejudice when the district court has determined "far in advance of trial that no legitimate federal question existed").

Without belaboring the matter, Baker's attempts in these actions to relitigate matters arising out of the state court divorce proceedings are deemed to be frivolous, vexatious, malicious, and/or

---

[6]Baker's allegations of bad acts by the defendants, including the failure to report taxable income to the IRS, evidence a quest for retribution rather than a *bona fide* basis for a claim upon which relief may be granted. Further, many of Baker's allegations appear to be based on a misunderstanding of law and simply are hyperbolic in nature. For instance, his claims regarding kidnaping of his children have no legal merit, where it appears that Melissa's removal of the children to Florida was sanctioned by Justice Nesi. The fact that Baker takes issue with Justice Nesi's ruling in this regard, does not make Melissa or her stepmother kidnappers. Finally, vexatious conduct occurs where a party's actions are frivolous, unreasonable or without foundation. Local 285, Service Employees Intern. Union v. Nonotuck Resource Assoc., Inc., 64 F.3d 735, 737 (1st Cir. 1995). Subjective bad intent is not necessary to justify a finding of vexatious conduct, id., and bad-faith behavior in this context is equivalent to bringing suit on a frivolous claim, meaning a claim that no reasonable person could suppose to have any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). That clearly is the case here.

abusive pleading practices.[7] Accordingly, dismissal of these actions is warranted *sua sponte* on this basis. Additionally, the imposition of a sanction is also warranted, as set forth below.

  E.  Prohibition Against Further Suits

As in Baker's earlier case against Justice Nesi, Baker's litigation history of filing suits that challenge rulings made in connection his divorce case (and restraining orders issued against him) impermissibly drain the scarce resources of this Court. Therefore, in the interest of promoting judicial efficiency and deterring further frivolous, vexatious, malicious, and abusive filings, this Court ENJOINS Baker, when proceeding *pro se*, from filing a complaint against any Melissa Baker, David Stanley Baker, Mary Delores Stanley, Val C. Ribeiro, and the New Center for Legal Advocacy, Inc. (Ribeiro's employer) that pertain, either directly or indirectly, to matters relating to state court proceedings, including: (1) the issuance or finding of violations of restraining orders; (2) child custody, visitation, and support orders; and (3) property distribution orders (including any tax consequences flowing therefrom), unless Baker first obtains prior leave of this Court to file by filing a Motion for Leave to Institute a Lawsuit.[8]

Leave of Court will be freely granted upon Baker's showing, through a properly filed Motion

---

[7]It is worth noting here that on November 29, 2011, Judge Zobel issued a Memorandum and Order (Docket No. 4) in Baker v. Macafferly, Civil Action No. 11-11900-RWZ admonishing Baker, stating "[G[iven the number of civil actions filed by Baker in this Court (and in the state courts), it is appropriate to warn Baker that the filing of lawsuits is not therapy, nor is it a sport. Baker must realize that his allegations may have serious adverse impact on those parties named in his suits. Accordingly, he is warned that the further filing of lawsuits that do not comport with the pleading requirements of Rule 8 may subject him to sanctions, including an order enjoining him from filing lawsuits in this Court." Id. at 2.

[8]Although Baker has also filed two suits against attorneys affiliated with the New Center for Legal Advocacy, Inc., this Court declines to expand the Order of Enjoinment to those defendants and leaves the resolution of those matters to Judge Tauro's discretion. See Baker v. McMahon, Civil Action No. 11-12104-JLT, and Baker v. Ross, Civil Action No. 12102-JLT

10

for Leave to Institute a Lawsuit, that a specific proposed filing: (1) can survive a challenge under Federal Rule of Civil Procedure 12; (2) is not barred by principles of *res judicata* or claim or issue preclusion; (3) is not repetitive or violative of a court order; and (4) is in compliance with Federal Rule of Civil Procedure 11.

This Order does not apply to the filing of a timely notice of appeal from this Court to the First Circuit Court of Appeals nor does it apply to papers filed solely in furtherance of any appeal from this Order. See Tilbury v. Aames Home Loan, 2005 WL 3477558, *10-11 (D.N.J. 2005) (issuing similar injunction and noting cases).

Failure to comply with this directive may result in the imposition of further sanctions.

F.    Certification That Any Appeal Would Not Be Taken In Good Faith

Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Id.  Similarly, under Fed. R. App. P. 24(a)(3), a party who has been permitted to proceed *in forma pauperis* in the district court may proceed on appeal *in forma pauperis* without further authorization, unless the district court certifies that the appeal is not taken in good faith. Id.  "[T]he applicant's good faith is established by the presentation of any issue that is not plainly frivolous." Ellis v. United States, 356 U.S. 674 (1958) (*per curiam*); see also Wooten v. District of Columbia Metropolitan Police Department, 129 F.3d 206, 208 (D.C. Cir. 1997). That is not the case here. For the reasons set forth herein, this Court finds that Baker's claims do not deserve additional judicial attention.

Should Baker seek to appeal the dismissal of any of these three actions, he must pay the appellate filing fee or he must seek leave to proceed *in forma pauperis* directly from the United States Court of Appeals for the First Circuit.

**III.    Conclusion**

Based on all of the above, it is hereby Ordered that:

1. Plaintiff's Motions for Leave to Proceed *in forma pauperis* (Docket No. 2), filed in Civil Action Nos. 11-12056-DJC, 11-12059-DJC and 11-12061-DJC are ALLOWED;

2. Civil Action Nos. 11-12056-DJC, 11-12059-DJC and 11-12061-DJC are DISMISSED *sua sponte* in their entirety;

3. Plaintiff is ENJOINED, when proceeding *pro se*, from filing a Complaint against Melissa Baker, David Stanley Baker, Mary Delores Stanley, Val C. Ribeiro, and the New Center for Legal Advocacy, Inc. (Ribeiro's employer) that pertain, either directly or indirectly, to matters relating to state court proceedings, including any matters involving (directly or indirectly): (1) the issuance or finding of violations of restraining orders; (2) child custody, visitation, and support orders; and (3) property distribution orders, unless Plaintiff first obtains prior leave of Court to file by filing a Motion for Leave to Institute a Lawsuit with good cause shown; and

4. This Court CERTIFIES that any appeal of this Memorandum and Order would not be taken in good faith.

**SO ORDERED.**

                                                   /s/ Denise J. Casper
                                                 Denise J. Casper
                                                 United States District Judge